## MUELLER, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, November 15, 1904.

**PUNITIVE DAMAGES: Indignities to Passenger: Excessive Verdict.** Where the conductor of a street car refused to accept from a passenger a transfer check, demanding fare, and on the refusal of the passenger to pay it, forcibly detained him in the car during a trip of several miles and roughly abused and insulted him, a verdict for $25 actual and $500 exemplary damages rendered against the street railway company in an action for such indignities, is not so excessive as to warrant the appellate court in setting it aside, where such verdict has received the sanction of the trial court by its refusal to set it aside.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *Glendy B. Arnold* for appellant.

*Rassieur & Buder* for respondent.

The amount of recovery of exemplary damages is peculiarly within the discretion of the jury. Goetz v. Ambs, 27 Mo. 28; Canfield v. Railway, 59 Mo. App. 354; McNamara v. Transit Co., — Mo. —, 81 S. W. 880.

REYBURN, J.—The trial of this action portrayed the following occurrence, for which plaintiff brought suit for damages against defendant, both compensatory and punitive, and was awarded by verdict of a jury a recovery of $25 of former and $500 of latter class of damages. On the eighteenth of August, 1902, plaintiff, a retail merchant, took passage on a street car of defendant, in the southwest district of the city of St. Louis, travelling to his place of business some distance northwardly and eastwardly; the car which he first boarded belonged to that branch of defendant's united street car system styled the Tower Grove line and upon payment of his fare he applied for and obtained a transfer ticket or check, entitling him to continue his journey on a car of the Cherokee line or division, which passed on the street in front of his store. A wreck on the Tower Grove line obstructed the car on which he was a passenger at Geyer and Ohio avenues, and it was returned over its route to California and Geyer avenues to proceed to the main or central part of the city over the Bellefontaine line of the same system; the Cherokee line extends further southward in the city than the two other divisions mentioned, and intersects the Bellefontaine line at Eighteenth and Victor streets, whence both, for the distance of a few blocks, use the same track, until they diverge at Eighteenth street and Gravois avenue. Before leaving the car at the latter streets, Mueller questioned the conductor respecting

the use of the transfer token he had received and a car of the Cherokee line approaching the rear was indicated by the conductor, who further directed him to take it and inform the conductor of such car of the wreck, and Mueller thereupon got on the Cherokee car at Eighteenth street and Gravois avenue and tendered the transfer to the conductor in charge, referring to the wreck and making the explanatory statement directed by the conductor of the car he had just left. This conductor, immediately upon examining the check, declined to receive it and demanded payment of fare, which Mueller refused, detailing the conditions under which he had obtained it, and adding he would rather get off the car than pay a second fare. The conductor thereupon refused to permit him to get off the car, resisting forcibly repeated efforts to leave the car made from time to time by Mueller, especially as the car passed his place of business and detaining him in the car until, after a forced journey of several miles, the northern part of the city was reached. In reply to his remonstrance the conductor informed Mueller he proposed to take him to the Four Courts, but when the latter police station was reached, he again shoved him into the car and persisted in taking him to the car sheds; a police officer finally entered the car and in response to Mueller's appeal, advised the latter to pay fare, which he did and his liberation followed and he left the car at Fourteenth street and St. Louis avenue. The conductor, testifying in explanation of his conduct, admitted that the transfer check was valid and presented within the time limit for its use, but stated he had objected to it because it was presented at a place not a transfer point between the issuing line and the line upon which it was tendered. No complaint is made by appellant of any ruling of the trial court during the progress of the trial, nor are the instructions assailed, nor any misconduct attributed to the jury further than that the verdict is denominated excessive and the puni-

tive damages awarded characterized as so exorbitant as to denote prejudice or partiality on part of the jury and to shock the conscience of every fair-minded person.

The law aims at the twofold purpose in tolerating the recovery of punitive and exemplary damages of financial compensation and atonement to the sufferer and punishment of the perpetrator to deter repeated commissions of such offense. The record affords satisfactory and abundant proof that the plaintiff was humiliated and oppressed by lawless and outrageous indignities and assaults to which no well-behaving passenger should be subjected or exposed in a public conveyance. If plaintiff's testimony be given credence, at the hands of that servant of the defendant whose duty it was to protect passengers while in his care from misconduct of others, he appears to have suffered rough and insulting affronts with marvelous meekness and forbearance, the exercise of which on his part probably averted a breach of the peace or a serious affray. The trial judge has sanctioned the verdict and refused to set it aside as he was empowered in his discretion to do and was best situated to determine. Punitive damages were warranted, and we can not perceive that the award of damages by the jury is so extravagant as to necessitate a reversal of the judgment, nor other interference with the verdict by compelling its abatement. Gildersleeve v. Overstolz, 90 Mo. App. 518; McNamara v. Transit Co., 81 S. W. 880, — Mo. App. —.

Judgment affirmed. All concur.